IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| | ) | |
| UNITED STATES OF AMERICA and | ) | |
| THE STATE OF WISCONSIN, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION NO. 01-C-0816 |
| | ) | |
| APPLETON PAPERS INC. and | ) | |
| NCR CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**CONSENT DECREE MODIFICATION AND PARTIAL EXTENSION**

# <u>TABLE OF CONTENTS</u>

I.      BACKGROUND .......................................................................................................... 1

II.     JURISDICTION ......................................................................................................... 2

III.    PARTIES BOUND ..................................................................................................... 3

IV.     DEFINITIONS............................................................................................................ 3

V.      STATEMENT OF PURPOSE .................................................................................... 6

VI.     PAYMENTS BY DEFENDANTS ............................................................................. 7

VII.    FUNDING AND PERFORMANCE OF APPROVED RESTORATION WORK ........... 9

VIII.   PREPARATION OF A RESTORATION PROGRESS REPORT................................ 13

IX.     CONTINUATION OF SETTLEMENT DISCUSSIONS ............................................ 14

X.      COVENANTS NOT TO SUE BY THE PLAINTIFFS AND THE TRIBES  ............... 15

XI.     RESERVATION OF RIGHTS BY PLAINTIFFS AND THE TRIBES  ....................... 16

XII.    DEFENDANTS' COVENANTS NOT TO SUE........................................................... 17

XIII.   EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION ................................ 19

XIV.    NOTICES AND SUBMISSIONS............................................................................... 21

XV.     EXTENSION PERIOD AND TERMINATION .......................................................... 24

XVI.    GENERAL PROVISIONS .......................................................................................... 26

XVII.   SIGNATORIES/SERVICE.......................................................................................... 29

# I. **BACKGROUND**

A.    The Plaintiffs have filed a complaint in this matter pursuant to Sections 106 and 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. §§ 9606 and 9607 ("CERCLA"), seeking specified relief from the Defendants relating to releases and threatened releases of polychlorinated biphenyls ("PCBs") at and from the Fox River Site (the "Fox River Site" or the "Site," as defined below), including injunctive relief and reimbursement of Site-related response costs.  The responsible natural resource trustees also contend that they have claims for recovery of natural resource damages (including for recovery of natural resource damage assessment costs) against the Defendants.

B.    United States of America ("United States") instituted this action on behalf of the Administrator of the United States Environmental Protection Agency ("EPA").

C.    The State of Wisconsin ("Wisconsin") instituted this action on behalf of the Wisconsin Department of Natural Resources ("WDNR").

D.    Pursuant to Executive Order 12580 and the National Contingency Plan, 40 C.F.R. Part 300, the President has delegated authority to act as Federal Trustees for natural resources at and near the Site to the Secretary of the United States Department of the Interior ("DOI"), as represented by the United States Fish and Wildlife Service, and the Secretary of the United States Department of Commerce ("Commerce"), as represented by the National Oceanic and Atmospheric Administration.

E.    WDNR is a response agency and the Wisconsin State Trustee for natural resources at or near the Site.

F.    The Menominee Indian Tribe of Wisconsin and the Oneida Tribe of Indians of Wisconsin (the "Tribes," as defined below) are Tribal Trustees for natural resources at or near the Site.  The Tribes are Parties to this Consent Decree Modification and Partial Extension (the "Decree Extension").

G.    The Fox River Site is located in the northeastern portion of the State of

1

Wisconsin. PCBs have been released, and are threatened to be released, at and from the Site. PCBs are hazardous substances under CERCLA.

H. The Wisconsin State Trustee, the Federal Trustees, and the Tribal Trustees have been involved in various natural resource damage assessment activities relating to the Site. The Trustees have incurred and will continue to incur assessment costs associated with natural resource damage assessment activities relating to the Site.

I. Appleton Papers Inc. and NCR Corporation (collectively the "Defendants") are current and/or former owners and operators of two paper facilities at or near the Site. By entry into this Decree Extension, the Defendants do not admit any liability arising out of the transactions or occurrences alleged in the complaint.

J. On December 10, 2001, the Court entered the original Consent Decree in this matter, which established the terms and conditions of an interim agreement between the Plaintiffs, the Tribes, and the Defendants during a four year Effective Period of that Consent Decree. That Effective Period expires on December 9, 2005. The same Parties are seeking to mediate natural resource damage issues as provided for under the Consent Decree and are entering into this Decree Extension to establish terms and conditions for a modified interim agreement on natural resource damages and restoration during an extended period of time (the "Extension Period," as defined below).

K. The Parties to this Decree Extension recognize, and the Court by entering this Decree Extension finds, that this Decree Extension has been negotiated by the Parties in good faith, that implementation of this Decree Extension will expedite the restoration of the Site, and that this Decree Extension is fair, reasonable, and in the public interest.

NOW, THEREFORE, it is hereby Ordered, Adjudged, and Decreed:

## II. JURISDICTION

1. The Court has jurisdiction to approve this Decree Extension because Paragraphs 42 and 49 of the original Consent Decree provided that the Court would retain jurisdiction over this matter for the purpose of interpreting, supervising, enforcing, and approving modifications

2

to that Consent Decree. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. §§ 9606, 9607, and 9613(b). The Court also has personal jurisdiction over the Defendants. Solely for the purposes of this Decree Extension, Defendants waive all objections and defenses that they may have to jurisdiction of the Court or to venue in this District. Defendants shall not challenge the terms of this Decree Extension or this Court's jurisdiction to enter and enforce this Decree Extension. Solely for the purposes of this Consent Decree, the Tribes submit to the jurisdiction of the Court, as Parties to the Decree Extension.

## III. PARTIES BOUND

2.     This Decree Extension applies to and is binding upon the United States, Wisconsin, and the Tribes, and upon the Defendants and their successors and assigns. Any change in ownership or corporate status of a Defendant including, but not limited to, any transfer of assets or real or personal property, shall in no way alter such Defendant's responsibilities under this Decree Extension.

## IV. DEFINITIONS

3.     Unless otherwise expressly provided herein, terms used in this Consent Decree which are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or in the appendices attached hereto and incorporated hereunder, the following definitions shall apply:

"CERCLA" means the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. §§ 9601 et seq.

"Commerce" means the United States Department of Commerce and any successor departments or agencies of the United States.

"Consent Decree" means the original Consent Decree entered by the Court on December 10, 2001.

3

"Day" means a calendar day unless expressly stated to be a working day. "Working day" shall mean a day other than a Saturday, Sunday, or Federal holiday. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or Federal holiday, the period shall run until the close of business of the next working day.

"Defendants" means Appleton Papers Inc. and NCR Corporation.

"Decree Extension" means this Consent Decree Modification and Partial Extension.

"DOI" means the United States Department of the Interior and any successor departments or agencies of the United States.

"Entry Date" means the date on which this Decree Extension is entered by the United States District Court for the Eastern District of Wisconsin.

"Extension Period" means the period of time that this Decree Extension remains in effect, as provided by Section XV of this Decree Extension (Extension Period and Termination).

"Extension Termination Date" means the date on which this Decree Extension terminates, as provided by Section XV of this Decree Extension (Extension Period and Termination).

"Interest" means interest at the rate specified for interest on investments of the Hazardous Substance Superfund established under Subchapter A of Chapter 98 of Title 26 of the U.S. Code, compounded on October 1 of each year, in accordance with 42 U.S.C. § 9607(a).

"Lodging Date" means the date on which this Decree Extension is lodged with the United States District Court for the Eastern District of Wisconsin.

"Natural Resource" or "Natural Resources" means land, resident and anadromous fish, resident and migratory wildlife, biota, air, water, ground water, sediments, wetlands,

4

drinking water supplies, and other such resources, belonging to, managed by, held in trust by, appertaining to, or otherwise controlled by the United States, Wisconsin, or the Tribes.

"Natural Resource Damages" means any damages recoverable by the United States or Wisconsin on behalf of the public, or by the Tribes, for injury to, destruction of, or loss or impairment of Natural Resources at the Site as a result of a release of hazardous substances, including but not limited to: (i) the costs of assessing such injury, destruction, or loss or impairment arising from or relating to such a release; (ii) the costs of restoration, rehabilitation, or replacement of injured or lost natural resources or of acquisition of equivalent resources; (iii) the costs of planning such restoration activities; (iv) compensation for injury, destruction, loss, impairment, diminution in value, or loss of use of natural resources; and (v) each of the categories of recoverable damages described in 43 C.F.R. § 11.15 and applicable state and tribal law.

"NRDAR Fund" means DOI's Natural Resource Damage Assessment and Restoration Fund.

"Paragraph" means a portion of this Decree Extension identified by an arabic numeral or an upper case letter.

"Parties" means the United States, Wisconsin, the Tribes, and the Defendants.

"Plaintiffs" means the United States and Wisconsin.

"Restoration Plan" means the Trustees' "Joint Restoration Plan and Environmental Assessment for the Lower Fox River and Green Bay."

"Section" means a portion of this Decree Extension identified by a roman numeral.

"Site" means the Lower Fox River and the Bay of Green Bay.

"Subparagraph" means a portion of this Decree Extension identified by a lower case letter or an arabic numeral in parentheses.

"United States" means the United States of America, including all of its departments, agencies, and instrumentalities.

"Tribes" means the Menominee Indian Tribe of Wisconsin and the Oneida Tribe of Indians of Wisconsin.

"Trustees" means DOI, Commerce, WDNR, the State of Michigan, and the Tribes.

"Trustee Council" means the Fox River/Green Bay Natural Resource Trustee Council.

"WDNR" means the Wisconsin Department of Natural Resources and any successor departments or agencies of the State of Wisconsin.

"Wisconsin" means the State of Wisconsin.

## V. <u>STATEMENT OF PURPOSE</u>

4.     This Decree Extension is intended to advance the following purposes:  provide interim funding for Natural Resource restoration projects at and near the Site; acquire knowledge from projects performed under this Decree Extension, so that such knowledge can be utilized in selecting, evaluating, and implementing future restoration projects and in preparing the Restoration Progress Report described in Section VIII of this Decree Extension; provide partial reimbursement of Natural Resource Damage assessment costs for the Site paid by DOI; and provide an opportunity for the Parties to focus on negotiations concerning potential resolution of the Defendants' alleged liability for the Site, as well as their potential counterclaims.

5.     This Decree Extension is intended to establish terms and conditions for a modified interim agreement on Natural Resource Damages and restoration that will apply during the Extension Period.  It is not intended to modify or supersede terms of the original Consent Decree that were to survive termination of that Decree, such as the provisions of Paragraph 28 of the original Consent Decree (Covenant Not To Sue for Cost Reimbursement).

6.     The work under this Decree Extension will consist of two components.

a.     The Parties will work cooperatively in selecting restoration

6

projects to be funded and performed under this Decree Extension, and the Defendants will finance those projects, as provided by Paragraph 7 and Section VII; and

b. The Trustees will prepare a Restoration Progress Report analyzing the progress toward the restoration goals established by the Restoration Plan for the Site. The Defendants will provide funding to defray the cost of preparing that Report, and the Trustees will consult with the Defendants during preparation of that Report, as provided by Paragraph 8 and Section VIII.

## VI. **PAYMENTS BY DEFENDANTS**

7. <u>Payments for Natural Resource Restoration Projects</u>.

a. The Defendants shall provide $5,000,000 for "Approved Restoration Work" to be selected and performed in accordance with Section VII of this Decree Extension, unless there is an early termination of this Decree Extension under Paragraph 41.

b. As described in Section VII, the Parties expect that: (i) the Defendants may spend some or all of the funds referenced in Subparagraph 7.a on Approved Restoration Work that they will perform, with the consent of the Trustees; and (ii) the Defendants may pay some or all of the funds referenced in Subparagraph 7.a to the Trustees, to finance Approved Restoration Work to be performed by the Trustees.

8. <u>Payments Toward Natural Resource Damage Assessment and Project Implementation Costs</u>

As partial reimbursement of natural resource damage assessment and project implementation costs for the Site paid or to be paid by the Trustees – including the anticipated cost of preparing a Restoration Progress Report under Section VIII – the Defendants shall make the following payments to a Site-specific sub-account within the NRDAR Fund:

a. Defendants shall pay $500,000 to a Site-specific sub-account within the NRDAR Fund within 30 days of the Entry Date.

b. If the Trustees have issued a Restoration Progress Report pursuant

7

to Section VIII before the Extension Termination Date, then the Defendants shall pay an additional $500,000 to a Site-specific sub-account within the NRDAR Fund within 30 days after receiving a written demand for such payment by the United States.

c.  The funds deposited in a Site-specific sub-account within the NRDAR Fund under this Paragraph will be retained and used to defray or reimburse the cost of preparing a Restoration Progress Report under Section VIII and the costs of other Site-related natural resource damage assessment and project implementation activities by the Trustees, or may be transferred by DOI to a NRDAR Fund general account.

9.  <u>Payment Instructions</u>

a.  <u>Payments to the DOI NRDAR Fund</u>.  Payments to the NRDAR Fund under Paragraphs 7 and 8 shall be by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with current EFT procedures, referencing the Civil Action Number assigned to this case and DOJ Case No. 90-11-2-1045Z.  All such payments shall be directed to a Site specific sub-account within the NRDAR Fund, although DOI may transfer funds paid under Paragraph 8 to a NRDAR Fund general account.  Payment shall be made in accordance with instructions provided to the Defendants by the Financial Litigation unit of the U.S. Attorney's Office for the Eastern District of Wisconsin after the Lodging Date.  Any payments received by the Department of Justice after 4:00 p.m. Eastern Time shall be credited on the next business day.  The Defendants shall send notice that payment has been made in accordance with Section XIV of this Consent Decree (Notices and Submissions) and to:

> Department of the Interior
> Natural Resource Damage Assessment and Restoration Program
> Attn: Restoration Fund Manager
> 1849 C Street, NW
> Mailstop 4449
> Washington, DC   20240

b.  <u>Payments to Other Trustees</u>.  Any payment under Paragraph 9 to any Trustee other than DOI shall be made in accordance with written payment instructions to be provided to the Defendants by the relevant Trustee, at least 21 calendar days before such

8

payment is due.

10.     <u>Other Funding Sources</u>.  Nothing in this Consent Decree shall be construed to preclude the use of the NRDAR Fund for receipt of additional funds from any source (beyond those funds to be paid into that account under this Decree Extension).  Nothing in this Consent Decree shall be construed as limiting the Trustees' or Defendants' discretion and authority to use other funding sources for partial funding of restoration projects to be performed under this Decree Extension.  The Trustees and the Defendants shall each maintain separate accountings of the funds paid by the Defendants under this Decree Extension and any funds received from other sources.

11.     <u>Joint Payment Obligation</u>.  The obligation of Defendants to make payments due under this Decree Extension is joint and several.  In the event of the failure of either of the Defendants to make a payment required under this Decree Extension, the other Defendant shall be responsible for such payment.

## VII.  <u>FUNDING AND PERFORMANCE OF APPROVED RESTORATION WORK</u>

12.     <u>Generally</u>.

a.     As provided by Paragraph 7, the Defendants will provide $5,000,000 for Approved Restoration Work to be selected and performed in accordance with this Section VII, unless there is an early termination of this Decree Extension under Paragraph 41.

b.     The Defendants will designate one or more technical representatives to work in close coordination with the Trustee Council's Restoration Technical Representatives Team (hereinafter the "RTRT") and the Trustees' designated consultant described in Subparagraph 19.b below in identifying prospective projects that will be proposed for funding under this Section VII.  Both the Defendants' representative(s) and the RTRT members of this working group shall be tasked with identifying prospective projects that the Trustee Council will approve or disapprove.

9

13.    <u>Prospective Projects</u>.

a.    Once a prospective project is identified as provided for in Subparagraph 12.b, the Defendants' technical representative(s) will work with the RTRT and the Trustees' designated consultant in preparing a joint proposed Project Implementation Plan for the prospective project.  Among other things, this proposed Project Implementation Plan shall:  (i) describe the proposed restoration work and evaluate how and to what extent it will meet the goals of the Restoration Plan; (ii) specify the schedule for performing and/or funding the work; (iii) establish a project budget and a pre-approved cost ceiling for the work; (iv) indicate whether the project will be performed by the Defendants or by the Trustees, and identify the specific party or parties that will be responsible for performing the work; and (v) provide a schedule and instructions for the Defendants to make required payments to the Trustee(s) under Paragraphs 7 and 9, for any project to be performed by any of the Trustees.

b.    After the Defendants' technical representative(s) and the Trustee Council's RTRT have agreed upon the terms of the proposed Project Implementation Plan, a designated representative of the Defendants shall sign the proposed Project Implementation Plan to signify the Defendants' agreement to fund and/or perform the project if it is approved by the Trustee Council, and that proposal shall be transmitted to the Trustee Council for review.

14.    <u>Trustee Council Approval</u>.

a.    The Trustee Council will consider and act upon all proposed Project Implementation Plans prepared under Paragraph 13 within a reasonable timeframe, exercising its sole discretion in approving or disapproving each proposed project.  The Trustee Council will approve a Project Implementation Plan by adopting an appropriate Trustee Council Resolution, and the restoration project described in the Project Implementation Plan will then be deemed "Approved Restoration Work" under this Decree Extension.

b.    An approved Project Implementation Plan (including the project evaluation and budget and the pre-approved cost ceiling) may be revised during the course of the work by a written amendment approved by the Defendants and the Trustee Council.

c.    The Trustees will give the Defendants timely notice of the

10

approval of any original or revised Project Implementation Plan.

15. <u>Additional Requirements</u>

a. All Approved Restoration Work under this Decree Extension shall be consistent with the Trustees' Restoration Plan.

b. All funds for Approved Restoration Work shall be applied toward the costs of restoration, rehabilitation, or replacement of injured natural resources at the Site, and/or acquisition of equivalent resources.

c. If any approved Project Implementation Plan directs that payment(s) be made to the NRDAR Fund for a project to be performed by any of the Trustees, the funds shall be deposited in a Site-specific sub-account within the NRDAR Fund, and shall be managed by DOI for the joint benefit and use of the Trustees to pay for Approved Restoration Work.

16. <u>Compliance with Project Implementation Plans</u>.

a. <u>Projects to be Performed by Defendants</u>. The Defendants shall fund and implement all Approved Restoration Work that they commit to perform in accordance with the approved Project Implementation Plan for such Approved Restoration Work.

b. <u>Projects to be Performed by the Trustees</u>.

(1) The Defendants shall fund Approved Restoration Work that the Trustees commit to perform in accordance with the approved Project Implementation Plan for such Approved Restoration Work. The Defendants shall make payments for such Approved Restoration Work as provided by the relevant Project Implementation Plan and by Paragraphs 7 and 9 of this Decree Extension.

(2) The Trustees shall implement all Approved Restoration Work that they commit to perform -- to the extent that the Defendants provide funding for the work under Subparagraph (1) -- in accordance with the approved Project Implementation Plan for such Approved Restoration Work.

11

c.    Monitoring Performance of Projects.  The Trustees will allow the Defendants a reasonable opportunity to observe and monitor the performance of projects performed by the Trustees under this Decree Extension, and the Defendants will allow the Trustees a reasonable opportunity to observe and monitor the performance of projects performed by the Defendants under this Decree Extension with reasonable notice prior to conducting such activities.

17.    Allowable Restoration Costs.  Solely for the purpose of this Decree Extension, the term "Allowable Restoration Costs" is defined as necessary restoration costs incurred and paid by Defendants for Approved Restoration Work, excluding the following costs that shall not be eligible for payment or reimbursement as Allowable Restoration Costs:

i.    any costs for work other than Approved Restoration Work;

ii.    any costs exceeding the pre-approved cost ceiling set by the Project Implementation Plan for the Approved Restoration Work;

iii.    any other payments made by Defendants to the Plaintiffs pursuant to this Consent Decree, including, but not limited to:  (i) payments to the DOI NRDAR Fund under Paragraph 8; and (ii) any Interest or stipulated penalties paid pursuant to Paragraph 44;

iv.    attorneys' fees and costs;

v.    costs of any restoration activities that Defendants perform that are not required under, or approved by the Trustees pursuant to, this Decree Extension;

vi.    costs related to Defendants' litigation, settlement, development of potential contribution claims or identification of potentially responsible parties;

vii.    internal costs of Defendants, including but not limited to, salaries, travel, or in-kind services, except for those costs that represent the work of employees or consultants of Defendants directly performing Approved Restoration Work; or

viii.    any costs incurred by Defendants prior to the Entry Date, except for Approved Restoration Work completed pursuant to this Decree Extension.

18.    Quarterly Reports.  On a quarterly basis during the Decree Extension Period, the

12

Defendants shall submit Quarterly Reports summarizing the following, as of the end of the reporting period: (i) the status of any Approved Restoration Work performed or to be performed by the Defendants; (ii) the Allowable Restoration Costs that the Defendants have incurred and paid in performing each project that the Defendants are performing as Approved Restoration Work; and (iii) the Allowable Restoration Costs that the Defendants have paid to the Trustees for projects that the Trustees are performing as Approved Restoration Work.

## VIII. PREPARATION OF A RESTORATION PROGRESS REPORT

19. <u>Generally</u>.

    a. As provided by Paragraph 8, the Defendants will provide funding to defray the cost of preparing a Restoration Progress Report by paying to the NRDAR Fund: (i) $500,000 within 30 days of the Entry Date; and (ii) an additional $500,000 within 30 days after receiving a written demand for such payment by the United States if the Trustees have issued the Restoration Progress Report before the Extension Termination Date.

    b. The Trustees will select and designate a consultant, hereinafter referred to as the Trustees' designated consultant, to assist the Trustees in evaluating projects being proposed to the Trustee Council for implementation under this Decree Extension and in the preparation of a Restoration Progress Report analyzing the progress toward the restoration goals established by the Restoration Plan for the Site. The Defendants will designate one or more technical representatives to consult with the Trustee Council's RTRT and the Trustees' designated consultant during preparation of that Report.

    c. Upon approval by the Trustee Council, the Trustees will publicize the final version of their Restoration Progress Report.

20. <u>Content and Preparation of the Restoration Progress Report</u>.

    a. <u>Content</u>. The Restoration Progress Report will evaluate projects that have been undertaken to compensate for Natural Resource Damages at the Site, and will assess progress in achieving the restoration goals specified by the Trustees' Restoration Plan for the Site. The evaluation will encompass projects funded under prior settlements and

13

agreements relating to the Site, as well as Approved Restoration Work to be performed under this Decree Extension.

        b.      <u>Preparation</u>.

        (1)      The Trustee Council's RTRT will take the lead role in preparing draft and proposed final versions of the Restoration Progress Report, with assistance from any consultant(s) or contractor(s) engaged by the Trustees.

        (2)      During preparation of the Restoration Progress Report, the Defendants' technical representative(s) will have opportunities for providing comments and input on the Restoration Progress Report, including comments on metrics for evaluating projects in terms of achieving the goals of the Restoration Plan.

        (3)      The Trustee Council will consider the proposed final version of the Restoration Progress Report prepared by the RTRT, and will exercise its sole discretion in approving the Restoration Progress Report, approving the Report with revisions, or disapproving the Report. Once the Trustee Council approves the Restoration Progress Report in final form, the Trustees will publicize the Restoration Progress Report.

        c.      <u>Timing</u>. Work on the Restoration Progress Report will be done in parallel with the implementation of restoration projects approved by the Trustee Council under this Decree Extension. The Trustees will use best efforts to complete the Restoration Progress Report during the Extension Period.

## IX. CONTINUATION OF SETTLEMENT DISCUSSIONS

21.      During the Extension Period, the Trustees and the Defendants mutually intend to continue good faith efforts to negotiate a resolution of Defendants' alleged liability for natural resource damages, as well as Defendants' alleged potential counterclaims.

22.      The Parties have engaged a mediator and have participated in a non-binding mediation addressing the issues that remain in dispute. The parties will continue to use the mediator's services during the Extension Period, as appropriate.

14

23.     At a minimum, the negotiations under this Section will involve the Trustees and the Defendants, but the Parties may seek to involve other governmental parties and/or potentially responsible parties, as appropriate.

24.     Nothing in this Section shall obligate the Trustees or the Defendants to continue negotiations or any non-binding mediation under this Section after termination of the Extension Period.

25.     If the Parties are successful in reaching a resolution of Defendants' alleged liability for natural resource damages for the Site through discussions under this Section or otherwise, the Parties acknowledge that a further Decree modification or a separate consent decree setting forth the terms of the resolution may supersede this Decree Extension.

## X.  **COVENANTS NOT TO SUE BY THE PLAINTIFFS AND THE TRIBES**

26.     <u>The Plaintiffs' and the Tribes' Covenants Not to Sue During the Extension Period</u>.

a.     <u>Covenants by the United States</u>.  During the Extension Period, except as specifically provided by Section XI (Reservation of Rights by Plaintiffs), the United States covenants not to sue the Defendants for Natural Resource Damages pursuant to:  (i) CERCLA Section 107(f), 42 U.S.C. § 9607(f); or (ii) Section 311(f) of the Clean Water Act, 33 U.S.C. § 1321(f).  This temporary covenant not to sue shall take effect upon receipt of the Defendants' payment required by Subparagraph 8.a.(1) of this Decree Extension.  This covenant not to sue terminates at the end of the Extension Period.  This temporary covenant not to sue is conditioned upon the satisfactory performance by Defendants of their obligations under this Decree Extension to make the payments required by Paragraphs 7 and 8, and to complete the performance of projects to be performed by Defendants, if any, under Subparagraph 16.a.  This covenant not to sue extends only to the Defendants and does not extend to any other person.

b.     <u>Covenants by Wisconsin and the Tribes</u>.  During the Extension Period, except as specifically provided by Section XI (Reservation of Rights by Plaintiffs), Wisconsin and the Tribes covenant not to sue the Defendants for Natural Resource Damages

15

pursuant to: (i) CERCLA Section 107(f), 42 U.S.C. § 9607(f); (ii) Section 311(f) of the Clean Water Act, 33 U.S.C. § 1321(f); or (iii) Wisconsin statutory and common law. This temporary covenant not to sue shall take effect upon receipt of the Defendants' payment required by Subparagraph 8.a.(1) of this Decree Extension. This covenant not to sue terminates at the end of the Extension Period. This temporary covenant not to sue is conditioned upon the satisfactory performance by Defendants of their obligations under this Decree Extension to make the payments required by Paragraphs 7 and 8, and to complete the performance of projects to be performed by Defendants, if any, under Subparagraph 16.a. This covenant not to sue extends only to the Defendants and does not extend to any other person.

        c.        The Parties agree that the time between December 10, 2001 and the Extension Termination Date will not be included in computing the running of any statute of limitations applicable to any action brought by the Plaintiffs or the Tribes after the Extension Period asserting any claims or causes of action covered by this Paragraph.

        d.        During the Extension Period, if any of the Plaintiffs or any of the Tribes becomes a party to litigation relating to the Site, and such Plaintiff or Tribe is required by rule or court order to assert or file Site-related claims against Defendants by a certain date (such as, by way of example, court scheduling orders requiring that cross-claims and/or counterclaims be made by a certain date), then such Plaintiff or Tribe may assert or file such claim against the Defendants notwithstanding the covenants contained in this Paragraph 26.

## XI. <u>RESERVATION OF RIGHTS BY PLAINTIFFS AND THE TRIBES</u>

    27.    <u>General Reservations</u>. The covenants not to sue set forth in Section X do not pertain to any matters other than those expressly specified in Section X. The Plaintiffs and the Tribes reserve, and this Decree Extension is without prejudice to, all rights against Defendants with respect to all matters not expressly included within the Covenants Not to Sue by the Plaintiffs and the Tribes in Section X. Notwithstanding any other provision of this Decree Extension, the Plaintiffs and Tribes reserve all rights against Defendants with respect to:

        a.        claims based on a failure by Defendants to meet a requirement of this Decree Extension;

16

b.      liability for injunctive relief or administrative order enforcement for response action under CERCLA Section 106, 42 U.S.C. § 9606;

c.      liability under CERCLA Section 107(a)(4)(A), 42 U.S.C. § 9607(a)(4)(A), for costs of removal or remedial action incurred or to be incurred by the United States or by Wisconsin or the Tribes;

d.      liability under Section 107(a)(4)(D), 42 U.S.C. § 9607(a)(4)(D), for costs of any health assessment or health effects study carried out under 42 U.S.C. § 9604(i);

e.      liability for any other costs incurred or to be incurred by the United States or by Wisconsin or the Tribes that are not within the definition of Natural Resource Damages;

f.      liability for damages for injury to, destruction of, or loss of Natural Resources resulting from releases or threatened releases of hazardous substances outside of the Site.

g.      liability arising from any disposal of hazardous substances at the Site by the Defendants after the Lodging Date; and

h.      criminal liability.

## XII.  DEFENDANTS' COVENANTS NOT TO SUE

28.      Defendants' Covenant Not To Sue During the Extension Period.

a.      Except as specifically provided by this Paragraph 28, during the Extension Period, the Defendants hereby covenant not to sue and agree not to assert any claims or causes of action against the Plaintiffs or the Tribes (or their contractors or employees) with respect to Natural Resource Damages, this Decree Extension, any payments made under this Decree Extension, or any projects performed under this Decree Extension, including but not limited to:

(1)      any claim against the Plaintiffs or the Tribes pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613 relating to Natural

17

Case 2:01-cv-00816-LA     Filed 01/20/06     Page 19 of 39     Document 16-2

Resource Damages, this Decree Extension, any payments made under this Decree Extension, or any projects performed under this Decree Extension;

(2)     any claim against the Plaintiffs or the Tribes pursuant to Section 311 of the Clean Water Act, 33 U.S.C. § 1321, relating to Natural Resource Damages, this Decree Extension, any payments made under this Decree Extension, or any projects performed under this Decree Extension; or

(3)     any claims arising out of restoration projects undertaken pursuant to this Decree Extension, including claims based on any Plaintiff's or any Tribe's selection or implementation of restoration projects, oversight of restoration projects, or approval of plans for such projects.

b.     This temporary covenant not to sue terminates at the end of the Extension Period.  The Parties agree that the time between December 10, 2001 and the Extension Termination Date will not be included in computing the running of any statute of limitations applicable to any action brought by the Defendants after the Extension Period asserting any claims or causes of action covered by this Paragraph.

c.     During the Extension Period, if either of the Defendants becomes a party to litigation relating to the Site, and such Defendant is required by rule or court order to assert or file Site-related claims against the Plaintiffs or the Tribes by a certain date (such as, by way of example, court scheduling orders requiring that cross-claims and/or counterclaims be made by a certain date), then such Defendant may assert or file such claim against the Plaintiffs or the Tribes notwithstanding the covenants contained in this Paragraph 28.

29.     <u>Covenant Not To Sue for Cost Reimbursement</u>.  The Defendants agree not to assert any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law with respect to any payments or expenditures by Defendants under this Decree Extension (including but not limited to any payments by Defendants under Section VI (Payments by Defendants) and any expenditures by Defendants under Section VII (Funding and Performance of Approved Restoration Work)).  The covenant

18

not to sue under this Paragraph shall survive any early termination of this Decree Extension under Paragraph 41 and shall not be limited in duration to the Extension Period. Nothing in this Paragraph 29 is intended to limit any contribution claims that Defendants may have against any of the Plaintiffs, other than any claim for reimbursement from the Hazardous Substance Superfund styled as a claim for contribution.

30.     Nothing in this Decree Extension shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

### XIII.  EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION

31.     The Parties agree and acknowledge that the Plaintiffs and the Tribes shall recognize that Defendants are entitled to full credit, applied against their liability for Natural Resource Damages, for:  (i) all Allowable Restoration Costs paid by Defendants under Paragraph 7 and Section VII of this Decree Extension (after taking into account the amount of any recoveries by Defendants of any portion of such payments from other liable persons, such as through a recovery under Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613); and (ii) all payments made by Defendants under Paragraph 8 of this Decree Extension (after taking into account the amount of any recoveries by Defendants of any portion of such payments from other liable persons, such as through a recovery under Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613).  The recognized credit may take into account, as appropriate, the value of restoration projects funded by the payments and expenditures under (i) and (ii) of this Paragraph.  To the extent Defendants' payments and expenditures under this Decree Extension (and, as appropriate, the value of the restoration projects funded by the payments and expenditures under (i) and (ii)) exceed Defendants' ultimate liabilities, Defendants shall not seek any refund or reimbursement from the Plaintiffs or the Tribes.

32.     Nothing in this Decree Extension shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Decree Extension.  The preceding sentence shall not be construed to waive or nullify any rights that any person not a signatory to this Decree Extension may have under applicable law.  Each of the Parties expressly reserves any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands,

and causes of action which each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.

33.     The Parties agree, and by entering this Decree Extension this Court finds, that the Defendants are entitled, as of the Entry Date, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), for "matters addressed" in this Decree Extension.  For the purpose of this Paragraph, the "matters addressed" in this Decree Extension are:  (i) all Allowable Restoration Costs paid by Defendants under Paragraph 7 and Section VII of this Decree Extension; and (ii) all payments made by Defendants under Paragraph 8 of this Decree Extension.

34.     Each Defendant agrees that, with respect to any suit or claim for contribution brought by it for matters related to this Decree Extension, it will provide notice to the persons identified in Section XIV (Notices and Submissions) at the same time it files or asserts the claim in litigation.  Each Defendant also agrees that, with respect to any suit or claim for contribution brought against it for matters related to this Decree Extension, it will provide notice to the persons identified in Section XIV (Notices and Submissions) within 10 days of service of the complaint or claim upon it.  In addition, each Defendant shall provide notice to the persons identified in Section XIV (Notices and Submissions) within 10 days of service or receipt of any Motion for Summary Judgment, and within 10 days of receipt of any order from a court setting a case for trial, for matters related to this Decree Extension.

35.     In any subsequent administrative or judicial proceeding initiated by any of the Plaintiffs or any of the Tribes for injunctive relief, recovery of response costs, recovery of Natural Resource Damages (including natural resource damage assessment costs), or other relief relating to the Site, Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, *res judicata*, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by any Plaintiff or any Tribe in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenants Not to Sue by the Plaintiffs and the Tribes set forth in Section X.

36.     The Parties agree that, with the exception of Paragraph 35, nothing in this Decree

Extension shall be construed as a waiver of any claim, defense, argument or position that the Defendants may have against the Plaintiffs, the Tribes, or others, including without limitation: (i) the right to contest the asserted Natural Resource Damages trusteeship authority of any party that asserts such authority (including without limitation any of the Plaintiffs or any of the Tribes); (ii) the right to defend in court any claim for Natural Resource Damages; and (iii) the right to assert that any claims for Natural Resource Damages are barred by applicable statutes of limitation. Nothing in this Paragraph is intended to affect or limit Defendants' covenants not to sue in Paragraphs 28 and 29.

37. The Parties agree that this Decree Extension and the payment of funds hereunder are not based on any views or assumptions of what the Defendants' share of costs, damages or liability should be. The Defendants reserve their rights to contest, litigate, and/or argue what their allocable and appropriate share should be and to bring contribution and other actions against persons who are not Parties to this Decree Extension to recover those amounts paid hereunder that are in excess of Defendants' fair and allocable share as determined by appropriate law. This Decree Extension is without prejudice to any arguments, positions, claims and defenses of Defendants with respect to allocation matters.

## XIV. **NOTICES AND SUBMISSIONS**

38. Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one Party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the Plaintiffs, the Tribes, and the Defendants, respectively.

As to the United States:

      As to the U.S. Department of Justice:

      Chief, Environmental Enforcement Section
      Environment and Natural Resources Division
      U.S. Department of Justice (DJ # 90-11-2-1045)

      (for regular mail)               (for overnight or express delivery)

      P.O. Box 7611               601 D Street, N.W. – ENRD Mailroom, Room 2121
      Washington, D.C.  20044-7611    Washington, DC  20004

      As to DOI:

      Office of the Solicitor
      Division of Parks and Wildlife
      U.S. Department of the Interior
      1849 C Street, N.W.
      Washington, DC  20240

As to Wisconsin:

      As to the Wisconsin Department of Justice:

      Jerry L. Hancock
      Assistant Attorney General
      Wisconsin Department of Justice

      (for regular mail)                (for overnight or express delivery)

      P.O. Box 7857               17 West Main Street
      Madison, WI  53707-7857      Madison, WI  53702

      As to WDNR:

      Greg Hill
      NRDA Coordinator
      Wisconsin Department of Natural Resources

      (for regular mail)                (for overnight or express delivery)

      P.O. Box 7921               101 S. Webster St.
      Madison, WI  53707-7921      Madison, WI  53703

As to the Tribes:

    As to the Oneida Tribe of Indians of Wisconsin:

    Chairperson
    Oneida Tribe of Indians of Wisconsin
    P.O. Box 365
    Oneida, WI  54155

    As to the Menominee Indian Tribe of Wisconsin:

    Chairperson
    Menominee Tribal Offices
    P.O. Box 910
    Keshena, WI  54135

As to the Defendants:

    Paul Karch
    Vice President, Law & Public Affairs
    Appleton Papers Inc.

    (for regular mail)            (for overnight or express delivery)

    825 E. Wisconsin Avenue        P.O. Box 359
    Appleton, WI  54911          Appleton, WI 54912-0359

    With a copy to:

    Jeffrey Bates
    McDermott Will & Emery, LLP
    28 State Street
    Boston, MA 02109

    Jonathan Hoak
    Senior Vice-President and General Counsel
    NCR Corporation
    1700 S. Patterson Blvd.
    Dayton OH  45479

    With a copy to:

    J. Andrew Schlickman
    Sidley Austin Brown & Wood LLP
    1 South Dearborn Street
    Chicago IL  60603

23

## XV.  EXTENSION PERIOD AND TERMINATION

39.  <u>Entry Date and Obligations Arising Before Entry</u>.  This Decree Extension shall take effect upon the Entry Date; <u>provided</u>, <u>however</u>, that the Defendants hereby agree that they shall be bound upon the Lodging Date to comply with obligations of the Defendants arising or accruing on or after the Lodging Date.  In the event the Court declines to enter the Decree Extension, then the preceding requirement to comply with requirements of this Decree Extension upon the Lodging Date shall cease; <u>provided</u>, <u>however</u>, that the Parties hereby agree that even after those compliance requirements cease:  (i) the Trustees shall be entitled to retain any and all payments already made to the Trustees under this Decree Extension; and (ii) the Plaintiffs and the Tribes shall continue to recognize that the Defendants are entitled to full credit for payments already made and work already performed under this Decree Extension.

40.  <u>Extension Period and Extension Termination Date</u>.

a.  For the purpose of this Decree Extension, the "Extension Period" shall start on December 10, 2005 and shall terminate on the "Extension Termination Date," as defined by the following Subparagraph.

b.  The "Extension Termination Date" shall mean December 9, 2006 unless:

(1)  The Parties agree in writing to a later Extension Termination Date pursuant to a non-material modification of this Decree Extension under Subparagraph 47.a; or

(2)  The Extension Termination Date is fixed by an early termination under Paragraph 41.

41.  <u>Early Termination</u>.

a.  <u>Termination By Defendants Based on Objection to a Settlement</u>. If, at any time during the Extension Period, Defendants object to a settlement between the Plaintiffs and/or the Tribes and any other person which resolves all or substantially all of such

24

person's liability for Natural Resource Damages on the ground that the settlement jeopardizes or impairs Defendants' contribution rights, and the settlement nonetheless takes effect over Defendants' objections, then Defendants may terminate this Decree Extension by providing a written Notice of Termination under this Subparagraph.

b.    <u>Termination by the Plaintiffs and the Tribes Due To Nonpayment</u>. In the event that any payment by Defendants under this Decree Extension is not received when due, the Plaintiffs and the Tribes may jointly invoke the termination procedures specified by this Paragraph.  At any time after any payment by Defendants is overdue and remains unpaid, the Plaintiffs and the Tribes may jointly issue the Defendants a written Notice of Intent to Terminate specifying the overdue amount which remains unpaid, and notifying the Defendants that the Plaintiffs and the Tribes may terminate this Decree Extension under this Paragraph if full payment of the unpaid amount (including but not limited to any Interest and stipulated penalties payable under Paragraph 44)  is not received within ten (10) working days of the date of receipt of the Notice of Intent to Terminate.  If full payment of the unpaid amount is not received within ten (10) working days of the date of receipt of the Notice of Intent to Terminate, the Plaintiffs and the Tribes may jointly terminate this Decree Extension by issuing the Defendants a written Notice of Termination.

c.    <u>Discretionary Termination</u>.  At any time before the Trustees have approved performance of $3 million in Approved Restoration Work under Section VII of this Decree Extension, the Trustees or the Defendants may invoke the termination procedures specified by this Subparagraph.  The Parties invoking the termination procedure (<u>i.e.</u>, the Trustees or the Defendants) shall jointly issue the other Parties a written Notice of Intent to Terminate describing the reasons for the proposed termination.  The Parties shall expeditiously schedule a meeting to discuss the reasons informally within fourteen (14) days after the receipt of such Notice.  Once that fourteen (14) day period has elapsed, the Parties invoking the termination procedure may jointly terminate this Decree Extension by issuing the Defendants or the Trustees a written Notice of Termination.

d.    <u>Effect of Early Termination</u>.  Termination under this Paragraph shall end the Extension Period as of the date of the Notice of Termination, and shall terminate

25

the covenants not to sue during the Extension Period under Paragraph 26 and Paragraph 28 of this Decree Extension. Termination under this Paragraph shall relieve the Plaintiffs, the Tribes, and Defendants of all other ongoing obligations under this Decree Extension due to be performed after the date of the Notice of Termination, including but not limited to any obligation of Defendants to make payments not yet due to be paid under Paragraphs 7 and 8; provided, however, that termination under this Paragraph shall not relieve the Defendants of their obligation to: (i) continue to provide funding (up to the pre-approved cost ceiling) for performance of any previously-approved Project Implementation Plan for any Approved Restoration Work already commenced by the Trustees; and (ii) continue to perform and fund (up to the pre-approved cost ceiling) any Approved Restoration Work already commenced by the Defendants under a previously-approved Project Implementation Plan under Subparagraph 16.a.

    e.  Termination Notices. Any Notice of Intent to Terminate or Notice of Termination issued under this Paragraph shall be addressed to the persons identified in Section XIV (Notices and Submissions) of this Decree Extension.

## XVI. GENERAL PROVISIONS

  42. Indemnification. The Plaintiffs and the Tribes do not assume any liability by entering into this agreement. The Defendants shall indemnify, save and hold harmless the Plaintiffs and the Tribes and their officials, agents, employees, contractors, subcontractors, or representatives for or from any and all claims or causes of action arising from, or on account of, negligent or other wrongful acts or omissions of Defendants, their officers, directors, employees, agents, contractors, subcontractors, and any persons acting on their behalf or under their control, in carrying out activities pursuant to this Decree Extension. Further, the Defendants agree to pay the Plaintiffs and the Tribes all costs incurred including, but not limited to, attorneys fees and other expenses of litigation and settlement arising from, or on account of, claims made against the Plaintiffs or the Tribes based on negligent or other wrongful acts or omissions of Defendants, their officers, directors, employees, agents, contractors, subcontractors, and any persons acting on their behalf or under their control, in carrying out activities pursuant to this Decree Extension. Neither the Defendants nor any of their contractors shall be considered as agents of the Plaintiffs or the Tribes.

26

43. <u>Public Information and Public Comment</u>.

a.     The Parties acknowledge that it may be appropriate for the Trustees to publicize key information concerning work to be performed under this Decree Extension, or to afford opportunities for public comment, in connection with the work.

b.     The Parties recognize that some information concerning the work to be performed under this Decree Extension may need to be maintained as confidential, and that failure to maintain such information as confidential may impair or impede the success of the work.  For example, if information about a potential real estate purchase is publicized prematurely, it may influence the purchase price or otherwise impair the Parties' ability to complete the transaction.  To the extent that the Trustees inform the Defendants that particular information is confidential, the Defendants and any consultants or technical experts involved in such meetings shall treat and maintain such information as confidential.

44. <u>Interest and Stipulated Penalties</u>.

a.     <u>Interest on Late Payments</u>.  In the event that any payment by Defendants under Paragraph 7 or 8 of this Decree Extension is not received when due, Interest shall accrue on the unpaid balance through the date of payment, and shall be payable to the NRDAR Fund.

b.     <u>Stipulated Penalties</u>.  In addition to any Interest required to be paid under the preceding Subparagraph, the Defendants shall be liable for stipulated penalties in the amounts set forth below for each day of violation for the Defendants' failure to comply with the following requirements under this Decree Extension:

| VIOLATION | PENALTIES PER DAY | | |
| --- | --- | --- | --- |
| | UP TO 10 DAYS | 11-30 DAYS | OVER 30 DAYS |
| Failure to make a payment to the Trustees, as required by Paragraph 7 or 8: | $1,000 | $2,500 | $5,000 |

27

| | | | |
|---|---|---|---|
| Failure to perform Approved Restoration Work in accordance with an approved Project Implementation Plan, as required by Subparagraph 16.a: | $500 | $1,000 | $1,500 |
| Failure to submit a Quarterly Report on Approved Restoration Work, as required by Paragraph 18: | $500 | $1,000 | $2,000 |

Stipulated penalties shall begin to accrue on the day after the complete performance is due or the day a violation occurs, and shall continue to accrue through the final day of the correction of the noncompliance or completion of the activity. Stipulated penalties shall be payable to the U.S. Treasury in accordance with payment instruction provided by the Untied States.

45.     <u>Natural Resource Damages Settlements with Other Persons</u>.

a.     <u>Reservation of Rights Regarding Settlements with Other Persons</u>. Each of the Plaintiffs and each of the Tribes expressly reserves and retains the right to enter into a settlement with any other person on appropriate terms, subject to applicable requirements of public comment and judicial review. Defendants expressly reserve and retain the right to comment on or oppose any such settlement, including on the grounds that it unfairly jeopardizes or limits Defendants' contribution rights. The Plaintiffs and the Tribes will not oppose any motion by Defendants to intervene in an action for the purpose of opposing or objecting to any such settlement.

b.     <u>Form of Settlements with Other Persons</u>. During the Extension Period, any settlement between the Plaintiffs and/or the Tribes and any other person which resolves all or substantially all of such person's liability for Natural Resource Damages shall be entered into in the form of a judicial consent decree (as opposed to an administrative order on consent) lodged in federal district court.

46.     <u>Effect of Entry</u>. Entry of this Decree Extension shall constitute the Court's approval of the terms hereof. If for any reason this Court should decline to approve this Decree Extension in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

47.     Modifications.

        a.      Any non-material modifications to this Decree Extension shall be in writing and shall be effective when signed by the Plaintiffs, the Tribes, and the Defendants. For the purpose of this Paragraph, non-material modifications include, but are not be limited to, any extensions of the Extension Period under Subparagraph 40.a.(1) or any addition to the Defendants' dollar commitment under Subparagraph 7.a. The United States will file any non-material modifications with the Court. Any material modifications to this Decree Extension shall be in writing, signed by the Plaintiffs, the Tribes, and the Defendants, and shall be effective upon approval by the Court. Nothing in this Decree Extension shall be deemed to alter the Court's power to enforce, supervise, or approve modifications to this Decree Extension.

        b.      The provisions of this Decree Extension are not severable. The Parties' consent hereto is conditioned upon the entry of the Decree Extension in its entirety without modification, addition, or deletion except as agreed to by the Parties.

48.     Retention of Jurisdiction. This Court shall retain jurisdiction over this matter for the purpose of interpreting, supervising, and enforcing the terms of this Decree Extension, and for the purpose of approving any material modifications under Subparagraph 47.a.

## XVII.  SIGNATORIES/SERVICE

49.     Each undersigned representative of a Party to this Decree Extension certifies that he or she is authorized to enter into the terms and conditions of this Decree Extension and to execute and bind legally such Party to this document.

50.     Each Defendant hereby agrees not to oppose entry of this Decree Extension by this Court or to challenge any provision of this Decree Extension, unless the Plaintiffs and the Tribes have notified Defendants in writing that they no longer support entry of the Decree Extension.

51.     Each Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of that Party

29

with respect to all matters arising under or relating to this Decree Extension.  Defendants hereby agree to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court.

   SO ORDERED THIS _____ DAY OF _____, _____.


               _____
               United States District Judge

THE UNDERSIGNED PARTY enters into this Decree Extension in <u>United States and the State of Wisconsin v. Appleton Papers Inc. and NCR Corp.</u>, Case No. 01-C-0816 (E.D. Wis.):

FOR THE UNITED STATES OF AMERICA

Date: _1/18/06_

SUE ELLEN WOODRIDGE
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

Date: _1/18/2006_

RANDALL M. STONE, Trial Attorney
JEFFREY A. SPECTOR, Trial Attorney
Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Washington, DC   20044-7611


STEVEN M. BISKUPIC
United States Attorney


MATTHEW RICHMOND
Assistant United States Attorney
Eastern District of Wisconsin
U.S. Courthouse and Federal Building - Room 530
517 E. Wisconsin Avenue
Milwaukee, WI   53202

31

THE UNDERSIGNED PARTY enters into this Decree Extension in <u>United States and</u> <u>the State of Wisconsin v. Appleton Papers Inc. and NCR Corp.</u>, Case No. 01-C-0816 (E.D. Wis.):

FOR THE STATE OF WISCONSIN

Date: _12\20\05_

P. SCOTT HASSETT
Secretary
Wisconsin Department of Natural Resources
101 South Webster Street
Madison, WI 53703

Date: _____

JERRY L. HANCOCK
Assistant Attorney General
Wisconsin Department of Justice
17 West Main Street
Madison, WI 53702

32

THE UNDERSIGNED PARTY enters into this Decree Extension in <u>United States and the State of Wisconsin v. Appleton Papers Inc. and NCR Corp.</u>, Case No. 01-C-0816 (E.D. Wis.):

FOR THE STATE OF WISCONSIN

Date: _____          _____
                                        P. SCOTT HASSETT
                                        Secretary
                                        Wisconsin Department of Natural Resources
                                        101 South Webster Street
                                        Madison, WI 53703

Date: _12/15/05_                        _____
                                        JERRY L. HANCOCK
                                        Assistant Attorney General
                                        Wisconsin Department of Justice
                                        17 West Main Street
                                        Madison, WI 53702

32

THE UNDERSIGNED PARTY enters into this Decree Extension in <u>United States and the State of Wisconsin v. Appleton Papers Inc. and NCR Corp.</u>, Case No. 01-C-0816 (E.D. Wis.):

FOR THE
MENOMINEE INDIAN TRIBE OF WISCONSIN

Date: _____1 · 6 · 05_____

_____
Chairperson, Menominee Indian Tribe of Wisconsin
Menominee Tribal Offices
P.O. Box 910
Keshena, WI 54135

33

THE UNDERSIGNED PARTY enters into this Decree Extension in <u>United States and the State of Wisconsin v. Appleton Papers Inc. and NCR Corp.</u>, Case No. 01-C-0816 (E.D. Wis.):

FOR THE
ONEIDA TRIBE OF INDIANS OF WISCONSIN

Date: _1/18/06_

Chairperson, Oneida Tribe of Indians of Wisconsin
P.O. Box 365
Oneida, WI  54155

34

THE UNDERSIGNED PARTY enters into this Decree Extension in <u>United States and the State of Wisconsin v. Appleton Papers Inc. and NCR Corp.</u>, Case No. 01-C-0816 (E.D. Wis.):

FOR APPLETON PAPERS INC.

Date: __12/16/05__

Signature

Typed Name: Paul Karch
Title: Vice President, ~~Law & Public Affairs~~ Administration
Address: 825 E. Wisconsin Avenue
Appleton, WI 54911
P.O. Box 359
Appleton, WI 54912-0359

Agent Authorized to Accept Service on Behalf of Above-Signed Party:

Typed Name: Jeffrey Bates
Title: Attorney
Address: McDermott Will & Emery, LLP
28 State Street
Boston, MA 02109

35

THE UNDERSIGNED PARTY enters into this Decree Extension in <u>United States and the State of Wisconsin v. Appleton Papers Inc. and NCR Corp.</u>, Case No. 01-C-0816 (E.D. Wis.):

FOR NCR CORPORATION

Date: December 21, 2005

Signature

Typed Name: Jon S. Hoak

Title: Senior Vice President, General Counsel and Secretary

Address: 1700 S. Patterson Blvd.

Dayton, OH 45479

Agent Authorized to Accept Service on Behalf of Above-Signed Party:

Typed Name: _____

Title: _____

Address: _____

_____

_____

36